**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SUSAN NANN**, <br><br> Plaintiff, <br><br> v. <br><br> **TD BANK, N.A.**, *et al.*, <br><br> Defendants. | Civil Action No. 25-5515 (ZNQ) (TJB) <br><br> **OPINION** |

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon a Motion to Dismiss filed by Defendant TD Bank, N.A. ("TD Bank"). ("Motion," ECF No. 5.) TD Bank submitted a Brief in Support of its Motion. ("Moving Br.," ECF No. 5-1.) Plaintiff Susan Nann ("Plaintiff" or "Nann") filed a Brief in Opposition ("Opp'n Br.," ECF No. 7), to which TD Bank submitted a Reply ("Reply Br.," ECF No. 8).

    The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT-IN-PART and DENY-IN-PART** TD Bank's Motion.

1

I.      **BACKGROUND AND PROCEDURAL HISTORY**

The information below is taken from the Complaint and the documents upon which Plaintiff relies in her Complaint.[1]

Plaintiff is the longtime partner of Stewart A. Berkowitz ("Decedent"), who died on March 21, 2024. (Compl. ¶¶ 6–7.) At the time of Decedent's death, he was married to Adele Morris but had been estranged from his wife and was in the process of obtaining a divorce. (*Id.* ¶ 8.)

On May 27, 2021, Decedent executed a Last Will and Testament ("Will"), which disinherited Adele Morris and the children born of that marriage, Jacquelyn Morris, Stephen Morris, and Emily Morris. (*Id.* ¶ 9.) The sole beneficiary of the Will was Jordan Meddy, the son of the Decedent and the Decedent's former wife before Adele Morris. (*Id.*) At the time the Will was prepared, Decedent intended to name Nann a beneficiary on one of his life insurance policies. (*Id.* ¶ 10.) However, the attorney who prepared the Will advised against naming Nann as a beneficiary of any life insurance policies while Decedent was engaged in divorce proceedings. (*Id.*)

As a result, Decedent instead conveyed property interests to Nann in the event he predeceased her. (*Id.* ¶ 11.) On the same day the Will was executed, Decedent transferred half of his interest in Morganville Real Estate Holdings, LLC to Nann as joint tenants with a right of survivorship. (*Id.* ¶ 12.) To further provide for Nann in the event the Decedent predeceased her, Decedent and Nann attempted to open a Payable on Death ("POD") savings account at TD Bank ending in account number 1373 (the "Account"). (*Id.* ¶ 13.) At the time the Account was opened,

---

[1] The Court is permitted to consider "document[s] integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Plaintiff includes Exhibit B with her Opposition Brief. Exhibit B is a form titled "Personal Account Maintenance." This document is referenced in paragraph 18 of the Complaint.

2

it was funded with $750,000. (*Id.*) These funds were transferred from another POD account that Decedent owned. (*Id.*)

Decedent passed away on March 21, 2024. (*Id.* ¶ 14.) Thereafter, the Will was submitted for probate. (*Id.*) Decedent's son, Meddy, was appointed executor of the Estate. Meddy was the sole beneficiary under the Will. (*Id.*)

Meddy believed that Decedent had opened a POD account that named Nann as a beneficiary. (*Id.* ¶ 15.) However, Meddy was advised that there was no POD account listing Nann as a beneficiary. (*Id.*) On April 22, 2024, the remaining balance in the Account at the time of Decedent's death ($455,498.21) was transferred out of the Account and into an Estate account for the Estate's beneficiaries. (*Id.*)

After Meddy informed Nann that TD Bank did not have an account listing her as a beneficiary, Nann met with TD Bank representatives on April 30, 2024. (*Id.* ¶ 16.) TD Bank employee Dimitri Santos and his manager, Nicole Alfano[2], informed Nann that another employee, Ann Marie S. Cohen, mistakenly selected an incorrect drop-down form when creating the Account, resulting in Nann erroneously being named as a "POA"—power of attorney—instead of a "POD" beneficiary. (*Id.*) Nann had never been named Decedent's power of attorney, and therefore a legal power of attorney was not presented when the Account was opened. (*Id.* ¶ 17.)

During this meeting with TD Bank employees, Nann produced a copy of the Account application she had retained for her records. (*Id.* ¶¶ 18–19.) Nann alleges that Decedent and Nann had requested that Cohen place a comment on the form next to Nann's name indicating that she was to be added as a beneficiary, because it was not clear that Nann was going to be a beneficiary of the account. (*Id.* ¶ 18.) As such, the form states "Add New Beneficiary" next to Nann's name.

---

[2] Alfano had previously been a named Defendant in this matter. On May 22, 2025, she was dismissed without prejudice. (*See* ECF No. 1 at 20.)

(*Id.*)  When Alfano was confronted with the form, she acknowledged that Cohen had made a mistake.  Alfano relayed that Cohen's employment was subsequently terminated. (*Id.* ¶ 19.)  Aside from apologizing profusely, Alfano did not take any action to reverse the withdrawal of funds. (*Id.*)

On May 27, 2024, this matter was removed to this Court from the Superior Court of New Jersey, Ocean County.  (*See* ECF No. 1.)  In her Complaint, Nann alleges a breach of contract claim (Count I), a breach of the implied covenant of good faith and fair dealing (Count II), and a negligence claim (Count III).  (*See* Compl. *generally.*).

## II.     SUBJECT MATTER JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

## III.    LEGAL STANDARD

A district court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  When considering a motion under 12(b)(6), the "defendant bears the burden of showing that no claim has been presented." *Hedges v. U.S.*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).  Moreover, the court must accept as true all the plaintiff's well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  The court, however, may ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Finally, the court must determine whether "the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for

relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).  A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 663).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993); *see also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  "However, an exception to the general rule is that a 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997).

## IV. DISCUSSION

TD Bank moves to dismiss the Complaint, arguing as to Nann's breach of contract claim: (1) TD Bank and Nann never entered into a contract; (2) Nann fails to identify an operative contract or breach of any specific contract provisions; and (3) the statute of frauds bars Nann's claim. (Moving Br. at 5–11.)  As to the breach of the implied covenant of good faith and faith dealing claim, TD Bank argues that such a claim cannot stand because TD Bank never contracted with Nann. (*Id.* at 11.)  As to Nann's negligence claim, TD Bank asserts that dismissal is warranted because Nann fails to identify any duty TD Bank owed to her. (*Id.* at 11–14.)  Finally, TD Bank asserts that if this Court finds that there is a contract between the parties, Nann's negligence claim is barred by the economic loss doctrine. (*Id.* at 14–15.)  Nann asserts that dismissal at this stage would be improper as she has adequately pled all three causes of action. (*See* Opp'n Br. at 4–13.)

5

### A.    COUNTS I AND II – BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1.    <u>Breach of Contract</u>

To state a claim for breach of contract in New Jersey, a plaintiff must plausibly allege: (1) "that the parties entered into a contract containing certain terms"; (2) "that [the plaintiff] did what the contract required [her] to do"; (3) that [the defendant] did not do what the contract required [it] to do, defined as a breach of contract"; and (4) "that [the defendant's] breach, or failure to do what the contract required, caused a loss to the plaintiff [ ]." *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) (internal quotation marks and citation omitted).

New Jersey law provides that, "if parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract." *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 608 A.2d 280, 284 (N.J. 1992). The primary goal of contract interpretation is always to "enforce contracts as the parties intended." *Pacifico v. Pacifico*, 190 N.J. 258, 920 A.2d 73, 77 (2007).

Nann alleges in the Complaint that she and Decedent approached TD Bank on January 13, 2023, to open the Account. (Compl. ¶ 13.) Nann retained a copy of the application documents she received from TD Bank on that date. (*Id.* ¶ 18.) Notably, on the copy of the form, both Decedent and Nann are listed as account holders of the Account. (*Id.*) *See also* Opp'n Br., Ex. 2. Nann, however, does not allege that an explicit, written contract existed between the parties.

TD Bank takes issue with the fact that Nann did not provide an express, written contract with the Complaint. However, an enforceable contract may occur once a party communicates an offer and another party demonstrates acceptance. *Gordon v. Dailey*, Civ. No. 14-7495, 2018 WL 1509080, at *8 (D.N.J. Mar. 27, 2018). Importantly, acceptance may be shown through words or conduct. *See, e.g., Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 284 (N.J. 1992) ("An offeree

6

may manifest assent to the terms of an offer through words, creating an express contract, or by conduct, creating a contract implied-in-fact"); N.J. Model Civil. Instr. 4.10C.

Implied-in-fact contracts "are formed by conditions manifested by words and inferred from circumstances, thus entailing consideration of factors such as oral representations, employee manuals, and party conduct." *Iliadis v. Wal-Mart Stores, Inc.*, 922 A.2d 710, 722 (N.J. 2007). To form an implied contract, a plaintiff must demonstrate "mutual assent" of the parties. *See In re Am. Med. Collection Agency, Inc. Customer Data Sec. Litig.*, Civ. No. 19-2904, 2021 WL 5937742, at *19 (D.N.J. Dec. 16, 2021) ("Mutual assent is an essential element of an implied contract claim . . . .").

Here, the copy of the application includes a comment next to Nann's name, stating "Add New Beneficiary." (Compl. ¶ 18.) Nann alleges that she and Decedent requested this language because "it was not clear that [Nann] was going to be a beneficiary of the account." (*Id.*) Additionally, Nann alleges that TD Bank Manager Nicole Alfano informed Nann that Cohen had "mistakenly utilized an incorrect drop[-]down form resulting in [Nann] erroneously being reflected as a 'Power of Attorney' or 'POA.'" (Compl. ¶ 16.) These allegations sufficiently plead that mutual assent existed between Decedent and Nann and the TD Bank representative that assisted in opening the Account. Thus, an implied-in-fact contract between the parties is adequately pled in the Complaint.[3]

---

[3] To the extent TD Bank challenges Nann's status as customer and therefore a direct party to the contract—although the Court finds she has adequately alleged this to be the case—based on the facts alleged in her Complaint, Nann appears to be a textbook third-party intended beneficiary. *See Ross v. Lowitz*, 120 A.3d 178, 190–91 (N.J. 2015) ("It is a fundamental premise of contract law that a third party is deemed to be a beneficiary of a contract only if the contracting parties so intended when they entered into their agreement.") (citation omitted).

TD Bank's Motion to Dismiss Nann's breach of contract claim will be **DENIED**.[4]

### 2. Good Faith and Fair Dealing

It is well-settled that "[a] covenant of good faith and fair dealing is implied in every contract in New Jersey . . . ." *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 244, 773 A.2d 1121 (2001). That implied covenant dictates that a party, even if it does not breach an express term, cannot act in bad faith to interfere with the other's ability to enjoy the fruits of the contract. *Id.*; *see also Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 225, 864 A.2d 387 (2005).

To recover for breach of the implied covenant, a plaintiff must prove that: (1) a contract exists between the parties; (2) the plaintiff performed under the terms of the contract; (3) the defendant acted in bad faith with the purpose of depriving the plaintiff of rights or benefits under the contract; and (4) the defendant's actions caused the plaintiff to sustain damages. *TBI Unlimited, LLC v. Clear Cut Lawn Decisions, LLC*, 2014 WL 3853900, at *3 (D.N.J. Aug. 5, 2014) (citing *Wade v. Kessler, Inst.*, 343 N.J. Super. 338, 778 A.2d 580, 586 (N.J. Sup. Ct. App. Div. 2001), *aff'd as modified*, 172 N.J. 327, 798 A.2d 1251 (2002)); *Pactiv Corp. v. Perk-Up, Inc.*, 2009 WL 2568105, at *12–13 (D.N.J. 2009).

TD Bank asserts that Nann's breach of the implied covenant of good faith and fair dealing claim must be dismissed, as there was no contract between the parties. (Moving Br. at 11.) This Court has determined that at this stage of the proceedings, Nann has plausibly pled that an implied-in-fact contract existed between the parties.

---

[4] TD Bank claims that "any promise or contract between Decedent and Plaintiff for Plaintiff's support is barred by the New Jersey Statute of Frauds because there was no alleged writing signed by [ ] Decedent to that effect." (Moving Br. at 9.) While it may be true that any support documents may need to be signed by Decedent in order to be enforceable, TD Bank ignores the fact that Nann is not bringing her claims on the basis of any obligations to her by the Estate. (*See* Opp'n Br. at 10–11.) She is suing TD Bank for its alleged failure to both properly open a POD account in accordance with Decedent's and her instructions and for transferring the Account's balance to the Estate.

Setting aside whether the breach of good faith and fair dealing is duplicative of the breach of contract claim, Nann has failed to allege any facts indicating that TD Bank acted in bad faith or with malice. This is fatal to her claim because the implied covenant "excludes activity that is unfair, not decent or reasonable, nor dishonest." *Black Horse Land Assocs., L.P. v. Dow Chem. Corp.*, 228 F.3d F.3d 275, 288 (3d Cir. 2000). Cohen's use of an incorrect drop-down form while creating the Account alone does not constitute malice. At most, this was a mistake. And, while Nann argues that TD Bank's manager did not make any efforts to remedy the disbursement, Nann does not allege any facts to support malice or ill-will on the manager's part. Because Nann's Complaint lacks any allegations of malice or ill-intent, the breach of the implied covenant of good faith and fair dealing will therefore be dismissed.

As such, TD Bank's Motion to Dismiss Count II of the Complaint will be **GRANTED**.

B.     **COUNT III – NEGLIGENCE**

To state a claim for negligence under New Jersey law, a plaintiff must assert that: (1) the defendant owed plaintiff a duty; (2) there was a breach of that duty; (3) the breach proximately caused the injury, and (4) damages. *Keith v. Truck Stops Corp. of Am.*, 909 F.2d 743, 745 (3d Cir. 1990); *Lax v. City of Atl. City*, Civ. No. 19-7036, 2019 WL 7207472, at *4 (D.N.J. Dec. 27, 2019). The question of whether a duty exists is a matter of law properly decided by the Court. *Strachan v. John F. Kennedy Memorial Hosp.*, 538 A.2d 346, 349 (N.J. 1988). Determination of the existence of a duty "is largely a question of fairness or policy." *Id.* "The inquiry involves a weighing of the relationship of the parties, the nature of the risk, and the public interest in the proposed solution." *V.C. by Costello v. Target Corp.*, 454 F. Supp. 3d 415, 423 (D.N.J. 2020).

Despite Defendant's arguments to the contrary, the Court finds that Nann has thoroughly pled facts that support her negligence claim. For example, she alleges that TD Bank "had a duty

to . . . adequately perform its banking functions and to properly open the [A]ccount as a POD account for the benefit of the Plaintiff." (Compl. ¶ 33.) Nann articulates that TD Bank "breached the duty owed to [her] by failing to properly open the [A]ccount for [her] benefit.[5]" (*Id.* ¶ 34.) Because TD Bank transferred the Account funds, Nann suffered monetary losses. (*Id.* ¶¶ 35–37.) These allegations are sufficient to survive a Motion to Dismiss at this stage of the proceedings.

### 1. Economic Loss Doctrine

Generally, a tort action is separate and distinct from a contract action, although the boundary line between tort and contract actions is not capable of clear demarcation. *Travelers Indem. & Co., Inc.*, 594 F.3d 238, 245 (3d Cir. 2010) (internal quotation marks and citations omitted). Under New Jersey law, the economic loss doctrine "defines the boundary between the overlapping theories of tort law and contract law by barring the recovery of purely economic loss in tort, particularly in strict liability and negligence cases." *Id.* at 244 (quoting *Dean v. Barrett Homes, Inc.*, 406 N.J. Super. 453 (App Div. 2009)) (internal citations omitted). "The purpose of the rule is to strike an equitable balance between countervailing public policies that exist in tort and contracts law." *Dean*, 406 N.J. Super. at 470 (internal quotation marks and citation omitted).

TD Bank argues that the economic loss doctrine bars Nann's negligence claims. This Court has already concluded, however, that Plaintiff adequately pled a negligence claim, such that Defendant owed Plaintiff a common law duty to adequately perform basic banking functions. "The purpose of a tort duty of care is to protect society's interest in freedom from harm, *i.e.*, the duty

---

[5] Again, to the extent TD Bank challenges Nann's status as a customer and therefore a direct party to the contract, the Court finds that, under the circumstances pled, the financial harm to Nann by mishandling the account was reasonably foreseeable as to justify imposing a duty upon TD Bank to Nann. *See Werrmann v. Aratusa, Ltd.*, 630 A.2d 302, 304 (N.J. Super. App. Div. 1993) ("To recover under a negligence theory, the defendant must owe a duty to plaintiff. . . . Reasonable foreseeability of harm is essential to the creation of a duty.") As any bank customers would, Decedent and Nann expected and relied on the employed staff of TD Bank to perform their functions. It is therefore both fair and in the public interest to find it plausible that TD Bank owed a duty to Nann. *See id.* ("The question of whether a duty exists is a matter of law . . . and is largely a question of fairness or policy.")

arises from policy considerations formed without reference to any agreement between the parties." *Spring Motors*, 98 N.J. at 579. "A contractual duty, by comparison, arises from society's interest in the performance of promises." *Id.* In the Complaint's current form, Nann does not allege an explicit agreement between the parties that gives rise to the type of contract law claims that the economic loss doctrine is meant to address. Additionally, Nann alleges that TD Bank owed her a duty independent of any duties arising under the contract. Under the contract, she alleges that TD Bank owed her a duty to honor the contract and transfer the funds to her upon Decedent's death. For her negligence claim, she alleges that TD Bank owed her a duty to adequately perform its banking functions. Accordingly, the Court finds that the economic loss doctrine does not bar Plaintiff's negligence claim at this stage of the litigation.

As such, TD Bank's Motion to Dismiss Nann's negligence claim will be **DENIED**.

## V.      CONCLUSION

For the reasons stated above, the Court will **GRANT-IN-PART and DENY-IN-PART** TD Bank's Motion to Dismiss. Count II of the Complaint will be **DISMISSED WITHOUT PREJUDICE**. Counts I and III will proceed. Plaintiff will be given 30 days to amend the Complaint, limited to addressing the defects identified herein, if she so desires. An appropriate Order will follow.

Date: January 29, 2026

>                          s/ Zahid N. Quraishi
>                          **ZAHID N. QURAISHI**
>                          **UNITED STATES DISTRICT JUDGE**